Judge Owslev
delivered the opinion of. the court.
This is an appeal from a judgment rendered by the court below, in an action of ejectment, brought by the appellant against the appellee.
On the trial in that court, after evidence was introduced shewing that the appellee obtained the possession of the land tu contest in 1794, under a lease from the appellant for the term of four years, the court overruled the motion of the appellant to Instruct the jury that the appellee was not at liberty to dispute his title, and instructed the jury that the appdiec might retain the possession by shewing that he hdd acquired a superior adverse title after the execution of the lease.
Whether, therefore, the opinion of the court so given is correct, is the first question we shall notice in the consideration of this cause.
As a general position it is certainly true, that in an action brought by the landlord to recover the possession, the tenant is not permitted to controvert the title by shewing either an outstanding superior adverse title in an another, or the acquision of such a title.by himself, either before or after the expiration of the lease. '
He may? it is true, shew the title of the; landlord to have expired, but as by the taking possession under him, fle pliedly admits the title, according to the well settled doctrine of the common law he is estopped to deny the landlord M title.
This rule of the common law is not, however, of that inflexible character whi ch admits of no exceptions, but should, we apprehend, be so relaxed as to permit the tenant under the circumstances of the present case, not only to contest the landlord’s title, but also to shew in himself the ác(juis¡-Üon of a superior adverse title.
The circumstance which we suppose should have *100 ppe ration, is that of the decree introduced as evidence by appellee, and which is made part of the record bj the bill of exceptions taken to the opinion of the court.
Ortcst-rtie iandlord lias no right entry.
A misno-tent mayóte corrected by referring- to survey &
Parol evi-stevT sucl° misnomer is inferior to the ^ 0t ind <hewfore incompetent,
That decree appears to have been pronounced in a suit brought by the appellee against the appellant for the land now in contest; and as the appellant is ordered by it to convey the land, it affords evidence of so high and conclusive a character in favor of the appellee’s right, that we suppose he should be allowed to protect his possesion by the introduction of any evidence calculated to shew the appellant has no right of entry in the land.
If then it was competent for the appellee to contest the appellant’s title, it becomes material to enquire whether tJg court decreed correctly in excluding the evidence offer-17 ° brthe appellant.
The evidence so excluded was introduced for the purpose pf shewing that the register in issuing the patent under which the appellant claims, committed a mistake by inserting as one of the patentees, the name of Charles Se-verns instead of Charles Swann.
Althougte'aicordjng tq the old general rule, a mistake in the name of the grantee, rendered the grant void, there is no doubt but where the patent otherwise sufficiently describes the patentee, that a misnomer will not have that operation: (Coke on Lit. 3, a.) And so under our laws, if in the course of perfecting the title, either the entry, survey or patent affords such description, the grant will be valid; for as all these are of record, and form a connected chain in the deduction of title, every reason upon which the misnomer is allowed to be supplied by other description in the patent, applies with full force to the entry and survey. It would, therefore, have been competent for the appellant, for the purpose of proving the mistake in the name of Se-veras, to have introduced^!»: entry and survey, upon which the patent issued; and upon their production, unless assigned by Swann, the jury might properly have inferred a mistake in the name, and found the patent to have issued to Swann. But in the absence of the survey upon which the Patent Issued, as it might have been assigned lo Severas, such a mistake could not, merely from the circumstance of the entry being in the name of Swann, be implied. Nor We sl!PPose 'n '*le absence of the survey parol evidence §h?uld' received Tor the purpose of shewing the mistake; for as the name of Severas is clearly different from that of *101 Swann, whether there exists a misnomer in the patent, depends upon the fact of assignment by Swann; and as that is ascertainable from the record, to shew whether such assignment had been made, the survey, as it is the best evidence of which the nature of the case is susceptible, ought to be produced.
Haggin for appellant, Widdiffe for appellee.
Because, therefore, the appellant failed to produce the certificate of survey, the court below properly rejected the evidence of a parol nature offered by him to prove the mistake in the patent, and conséquently decided correctly in instructing the jury as in case of a non-suit.
The judgment must therefore be affirmed with cost.
On the rendering this decree, the counsel for the appellant fded the following petition for a rehearing:
The number of the warrant, its foundation being a preemption right, the quantity of land, the vicinage, the correspondence in the names of the grantees, except a mistake which might well happen with officers and clerks, strangers to the parties, and the absence of any suggestion of assignment in the patent, are respectfully conceived, strongly evince a misnomer in the surname of Swann, and if the survey or any other record, was calculated to rer pel the effect of the entry and patent, it would seem to be the duty of him whose interest it was, and who had equally the power, to adduce a copy. The warrant, entry, and survey, are all testimony of equal grade, but distinct records; and one may, therefore, be used without the other. But if the plaintiff was bound to negative an assignment, it is contended that the assignment of an entry cannot be presumed at law; for, although, it is a good equitable transfer, it is not expressly authorised by the act for assignment of inchoate titles: And the assignment of the survey should not be presumed, for if made, the patent would recite it. Indeed, it would seem that the assignment of a survey may be on a different paper, and is not of record. That a copy of the survey from the original office, or even from the register’s office, would not recite the assignment, that the patent is, consequently, the only record by which, assignment or not, would appear, and that inferior evidence is inadmissible. Certainly the surveyor or register would have given the plaintiff a certified copy of the survey, without reference to any assignment in their office. The appellant’s *102 counsel can find no law requiring the assignment to be re« corded. In this case, however, it is not admitted as a fact, that an assignment was ever made; indeed, it has never been suggested.
It will also he submitted to the court, if the man who has received possession under a lease, can shew a defective title in his landlord. He may shew that it has since expired, or been otherwise defeated, but cannot gainsay the title under which he entered.
If the tenant in this case was at liberty to prove the title of Swann defective, yet surely the lease was prima fa-cie sufficient to authorise a recovery. It was title: yet the circuit court directed a non-suit. The non-suit was directed after proof introduced by the defendant. The liberty to disprove our title, and the fact of a defective title, are very different. To defeat the claim of possession which Swrann had against his tenant, testimony was indisputable. And the opposing testimony offered was a decree, which at most, proved a superior equity in the tenant. Swann had not conveyed. Taking the proof of both parties from the jury and deciding the cause, directing as in case of a non-suit, is believed to be without precedent. Wherefore the appellant prays a rehearing, &c.
JA: HAGGIN.
And afterwards, on consideration, the court overruled the petition, and ordered that the decision aforesaid stand affirmed and unaltered.